## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| **Patent Armory Inc.,** | **Case No. 6:23-cv-00327-ADA** |
| **Plaintiff,** | **Patent Case** |
| **v.** | **Jury Trial Demanded** |
| **OnePlus Technology (Shenzhen) Co., Ltd.,** | |
| **Defendant.** | |

### Defendant OnePlus's Answer To Amended Complaint

Defendant OnePlus Technology (Shenzhen) Co., Ltd. ("OnePlus" or "Defendant"), by and through its counsel, files this Answer To Amended Complaint of Plaintiff Patent Armory, Inc. ("Patent Armory" or "Plaintiff"). Defendant denies the allegations not expressly admitted herein. Defendant further denies and rejects any inferences associated with Plaintiff's self-serving and inaccurately defined terms used throughout the Amended Complaint.

1.    Plaintiff Patent Armory Inc. ("Plaintiff"), through its attorneys, complains of OnePlus Technology (Shenzhen) Co., Ltd. ("Defendant"), and alleges the following:

**ANSWER:**    This Paragraph makes a statement as to which no response is required.

### PARTIES

2.    Plaintiff Patent Armory Inc. is a corporation organized and existing under the laws of Canada that maintains its principal place of business at 2450 Lancaster Road, Unit 4 Ottawa, Ontario, Canada K1B5N3.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to the

1

truth of the allegations of this paragraph, and therefore denies the same.

3.      Defendant OnePlus Technology (Shenzhen) Co., Ltd. is a corporation organized and existing under the laws of China that maintains an established place of business at 18F, Tairan Building, Block C, Tairan 8th Road, Chegongmiao, Futian District Shenzhen, Guangdong, 518040, China.

**ANSWER:**  Admitted.

## JURISDICTION

4.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**ANSWER:**  This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendant does not contest that the Complaint purports allege an action for patent infringement.  Defendant denies any remaining allegations of this paragraph.

5.      This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**  This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendant contends that Plaintiff has failed to state a claim upon which relief can be granted. Defendant denies any remaining allegations of this paragraph.

6.      This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

**ANSWER:**  This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendant admits personal jurisdiction solely for purposes of this case because Defendant signed a waiver form pursuant to Fed. R. Civ. P. 4(d).  Defendant denies

any remaining allegations of this paragraph.

## VENUE

7.      Venue is proper in this District under 28 U.S.C. § 1391(c) because Defendant is a foreign corporation. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

**ANSWER:** This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendant admits venue solely for purposes of this case because Defendant is a foreign corporation. Defendant denies any remaining allegations of this paragraph.

## PATENTS-IN-SUIT

8.      Plaintiff is the assignee of all right, title and interest in United States Patent Nos. 10,237,420; 10,491,748; 7,023,979; 7,269,253; 8,275,413; 8,825,112; and 9,456,086 (the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit.  Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

## THE '420 PATENT

9.      The '420 Patent is entitled "Method and system for matching entities in an auction," and issued 2019-03-19. The application leading to the '420 Patent was filed on 2017-12-28. A true and correct copy of the '420 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

**ANSWER:** Defendant admits that a copy of the '420 Patent is attached as Exhibit 1 to the Amended Complaint; the '420 Patent is entitled "Method And System For Matching Entities In An

Auction;" the '420 Patent states that it issued 2019-03-19; and the '420 Patent states that the application from which it issued was filed on 2017-12-28.  Defendant denies any remaining allegations of this paragraph.

## THE '748 PATENT

10.     The '748 Patent is entitled "Intelligent communication routing system and method," and issued 2019-11-26. The application leading to the '748 Patent was filed on 2017-10-30. A true and correct copy of the '748 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

**ANSWER:**   Defendant admits that a copy of the '748 Patent is attached as Exhibit 2 to the Amended Complaint; the '748 Patent is entitled "Intelligent Communication Routing System And Method;" the '748 Patent states that it issued on 2019-11-26; and the '748 Patent states that the application from which it issued was filed on 2017-10-30.  Defendant denies any remaining allegations of this paragraph.

## THE '979 PATENT

11.     The '979 Patent is entitled "Telephony control system with intelligent call routing," and issued 2006-04-04. The application leading to the '979 Patent was filed on 2003-03-07. A true and correct copy of the '979 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

**ANSWER:**   Defendant admits that a copy of the '979 Patent is attached as Exhibit 3 to the Amended Complaint; the '979 Patent is entitled "Telephony Control System With Intelligent Call Routing;" the '979 Patent states that it issued 2006-04-04; and the '979 Patent states that the application from which is issued was filed on 2003-03-07.  Defendant denies any remaining allegations of this paragraph.

## THE '253 PATENT

12.     The '253 Patent is entitled "Telephony control system with intelligent call routing," and issued 2007-09-11. The application leading to the '253 Patent was filed on 2006-03-23. A true and correct copy of the '253 Patent is attached hereto as Exhibit 4 and incorporated herein by reference.

**ANSWER:**  Defendant admits that a copy of the '253 Patent is attached as Exhibit 4 to the Amended Complaint; the '253 Patent is entitled "Telephony Control System With Intelligent Call Routing;" the '253 Patent states that it issued 2007-09-11; and the '253 Patent states that the application from which is issued was filed on 2006-03-23.  Defendant denies any remaining allegations of this paragraph.

## THE '413 PATENT

13.     The '413 Patent is entitled "Wireless communication device with integrated electromagnetic radiation sensors," and issued 2012-09-25. The application leading to the '413 Patent was filed on 2011-11-22. A true and correct copy of the '413 Patent is attached hereto as Exhibit 5 and incorporated herein by reference.

**ANSWER:**  Defendant admits that a copy of the '413 Patent is attached as Exhibit 5 to the Amended Complaint; the '413 Patent is entitled "Wireless Communication Device With Integrated Electromagnetic Radiation Sensors;" the '413 Patent states that it issued 2012-09-25; and the '413 Patent states that the application from which is issued was filed on 2011-11-22.  Defendant denies any remaining allegations of this paragraph.

## THE '112 PATENT

14.     The '112 Patent is entitled "Mobile communication device with electromagnetic radiation sensors," and issued 2014-09-02. The application leading to the '112 Patent was filed

on 2014-02-26. A true and correct copy of the '112 Patent is attached hereto as Exhibit 6 and incorporated herein by reference.

**ANSWER:** Defendant admits that a copy of the '112 Patent is attached as Exhibit 6 to the Amended Complaint; the '112 Patent is entitled "Mobile Communication Device With Electromagnetic Radiation Sensors;" the '112 Patent states that it issued 2014-09-02; and the '112 Patent states that the application from which is issued was filed on 2014-02-26. Defendant denies any remaining allegations of this paragraph.

### THE '086 PATENT

15.     The '086 Patent is entitled "Method and system for matching entities in an auction," and issued 2016-09-27. The application leading to the '086 Patent was filed on 2010-03-08. A true and correct copy of the '086 Patent is attached hereto as Exhibit 7 and incorporated herein by reference.

**ANSWER:** Defendant admits that a copy of the '086 Patent is attached as Exhibit 7 to the Amended Complaint; the '086 Patent is entitled "Method And System For Matching Entities In An Auction;" the '086 Patent states that it issued 2016-09-27; and the '086 Patent states that the application from which is issued was filed on 2010- 03-08. Defendant denies any remaining allegations of this paragraph.

### COUNT 1: INFRINGEMENT OF THE '420 PATENT

16.     Plaintiff incorporates the above paragraphs herein by reference.

**ANSWER:** Defendant refers to and incorporates herein its previous responses as though fully set forth herein.

17.     **Direct Infringement**. Defendant directly infringed one or more claims of the '420 Patent in at least this District by making, using, offering to sell, selling and/or importing,

without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringed at least the exemplary claims of the '420 Patent also identified in the charts incorporated into this Count below (the "Exemplary '420 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringed the claims of the '420 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**ANSWER:**   Denied.

18.    Defendant also directly infringed, literally or under the doctrine of equivalents, the Exemplary '420 Patent Claims, by having its employees internally test and use these Exemplary Products.

**ANSWER:**   Denied.

19.    Exhibit 8 includes charts comparing the Exemplary '420 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '420 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '420 Patent Claims.

**ANSWER:**   Denied.

20.    Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 8.

**ANSWER:**   Defendant does not contest Plaintiff's statement that it incorporates by reference in its allegations the claim charts of Exhibit 8, but Defendant denies the allegations in such claim charts.

21.    Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

**ANSWER:**  Denied.

**COUNT 2: INFRINGEMENT OF THE '748 PATENT**

22.  Plaintiff incorporates the above paragraphs herein by reference.

**ANSWER:**  Defendant refers to and incorporates herein its previous responses as though fully set forth herein.

23.  **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '748 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '748 Patent also identified in the charts incorporated into this Count below (the "Exemplary '748 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '748 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**ANSWER:**  Denied.

24.  Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '748 Patent Claims, by having its employees internally test and use these Exemplary Products.

**ANSWER:**  Denied.

25.  **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

**ANSWER:**  Denied.

26.  Despite such actual knowledge, Defendant continues to make, use, test, sell,

offer for sale, market, **and**/or import into the United States, products that infringe the '748 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '748 Patent. See Exhibit 9 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

**ANSWER:**  Denied.

27.   **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '748 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '748 Patent.

**ANSWER:**  Denied.

28.   Exhibit 9 includes charts comparing the Exemplary '748 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '748 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '748 Patent Claims.

**ANSWER:**  Denied.

29.   Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 9.

**ANSWER:**   Defendant does not contest Plaintiff's statement that it incorporates by reference in its allegations the claim charts of Exhibit 9, but Defendant denies the allegations in such claim charts.

9

30.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

**ANSWER:**  Denied.

### COUNT 3: INFRINGEMENT OF THE '979 PATENT

31.     Plaintiff incorporates the above paragraphs herein by reference.

**ANSWER:**  Defendant refers to and incorporates herein its previous responses as though fully set forth herein.

32.     **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '979 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '979 Patent also identified in the charts incorporated into this Count below (the "Exemplary '979 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '979 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**ANSWER:**  Denied.

33.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the **Exemplary** '979 Patent Claims, by having its employees internally test and use these Exemplary Products.

**ANSWER:**  Denied.

34.     **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the **attached** claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

**ANSWER:**  Denied.

35.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import **into** the United States, products that infringe the '979 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '979 Patent. See Exhibit 10 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

**ANSWER:**  Denied.

36.     **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '979 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '979 Patent.

**ANSWER:**  Denied.

37.     Exhibit 10 includes charts comparing the Exemplary '979 Patent Claims to the Exemplary Defendant **Products**. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '979 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '979 Patent Claims.

**ANSWER:**  Denied.

38.     **Plaintiff** therefore incorporates by reference in its allegations herein the claim charts of Exhibit 10.

**ANSWER:**   Defendant does not contest Plaintiff's statement that it incorporates by reference in its allegations the claim charts of Exhibit 10, but Defendant denies the allegations in such claim charts.

11

39.    **Plaintiff** is entitled to recover damages adequate to compensate for Defendant's infringement.

**ANSWER:**   Denied.

### COUNT 4: INFRINGEMENT OF THE '253 PATENT

40.    Plaintiff incorporates the above paragraphs herein by reference.

**ANSWER:**   Defendant refers to and incorporates herein its previous responses as though fully set forth herein.

41.    **Direct Infringement**. Defendant directly infringed one or more claims of the '253 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringed at least the exemplary claims of the '253 Patent also identified in the charts incorporated into this Count below (the "Exemplary '253 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringed the claims of the '253 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**ANSWER:**   Denied.

42.    Defendant also directly infringed, literally or under the doctrine of equivalents, the Exemplary '253 Patent Claims, by having its employees internally test and use these Exemplary Products.

**ANSWER:**   Denied.

43.    Exhibit 11 includes charts comparing the Exemplary '253 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '253 Patent. Accordingly, the Exemplary Defendant

Products incorporated in these charts satisfy all elements of the Exemplary '253 Patent Claims.

**ANSWER:**  Denied.

44.    Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 11.

**ANSWER:**  Defendant does not contest Plaintiff's statement that it incorporates by reference in its allegations the claim charts of Exhibit 11, but Defendant denies the allegations in such claim charts.

45.    Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

**ANSWER:**  Denied.

## COUNT 5: INFRINGEMENT OF THE '413 PATENT

46.    Plaintiff incorporates the above paragraphs herein by reference.

**ANSWER:**  Defendant refers to and incorporates herein its previous responses as though fully set forth herein.

47.    **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '413 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '413 Patent also identified in the charts incorporated into this Count below (the "Exemplary '413 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '413 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**ANSWER:**  Denied.

48.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '413 Patent Claims, by having its employees internally test and use these Exemplary Products.

**ANSWER:**  Denied.

49.     **Actual Knowledge of** Infringement. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

**ANSWER:**  Denied.

50.     Despite such actual knowledge, **Defendant** continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '413 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '413 Patent. See Exhibit 12 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

**ANSWER:**  Denied.

51.     **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '413 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '413 Patent.

**ANSWER:**  Denied.

52.     Exhibit 12 includes charts comparing the Exemplary '413 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant

Products practice the technology claimed by the '413 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '413 Patent Claims.

**ANSWER:** Denied.

53.   Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 12.

**ANSWER:** Defendant does not contest Plaintiff's statement that it incorporates by reference in its allegations the claim charts of Exhibit 12, but Defendant denies the allegations in such claim charts.

54.   Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

**ANSWER:** Denied.

### COUNT 6: INFRINGEMENT OF THE '112 PATENT

55.   Plaintiff incorporates the above paragraphs herein by reference.

**ANSWER:** Defendant refers to and incorporates herein its previous responses as though fully set forth herein.

56.   **Direct Infringement**. Defendant directly infringed one or more claims of the '112 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringed at least the exemplary claims of the '112 Patent also identified in the charts incorporated into this Count below (the "Exemplary '112 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringed the claims of the '112 Patent

have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**ANSWER:** Denied.

57.     Defendant also directly infringed, literally or under the doctrine of equivalents, the Exemplary '112 Patent Claims, by having its employees internally test and use these Exemplary Products.

**ANSWER:** Denied.

58.     Exhibit 13 includes charts comparing the Exemplary '112 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '112 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '112 Patent Claims.

**ANSWER:** Denied.

59.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 13.

**ANSWER:** Defendant does not contest Plaintiff's statement that it incorporates by reference in its allegations the claim charts of Exhibit 13, but Defendant denies the allegations in such claim charts.

60.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

**ANSWER:** Denied.

### COUNT 7: INFRINGEMENT OF THE '086 PATENT

61.     Plaintiff incorporates the above paragraphs herein by reference.

**ANSWER:** Defendant refers to and incorporates herein its previous responses as though fully set forth herein.

16

62.     **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '086 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '086 Patent also identified in the charts incorporated into this Count below (the "Exemplary '086 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '086 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**ANSWER:**  Denied.

63.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '086 Patent Claims, by having its employees internally test and use these Exemplary Products.

**ANSWER:**  Denied.

64.     **Actual** Knowledge **of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

**ANSWER:**  Denied.

65.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '086 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '086 Patent. See Exhibit 14 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

17

**ANSWER:**  Denied.

66.  **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '086 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '086 Patent.

**ANSWER:**  Denied.

67.  Exhibit 14 includes charts **comparing** the Exemplary '086 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '086 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '086 Patent Claims.

**ANSWER:**  Denied.

68.  Plaintiff therefore **incorporates** by reference in its allegations herein the claim charts of Exhibit 14.

**ANSWER:**  Defendant does not contest Plaintiff's statement that it incorporates by reference in its allegations the claim charts of Exhibit 14, but Defendant denies the allegations in such claim charts.

69.  Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

**ANSWER:**  Denied.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in its prayer for relief or any relief whatsoever.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses and reserves the right to amend its Answer and assert other defenses as additional information becomes available.

### First Affirmative Defense – Noninfringement

Defendant does not infringe and has not infringed, either directly or indirectly, any valid and enforceable claim of the Patents-in-Suit.

### Second Affirmative Defense – Invalidity

Each and every claim of the Patents-in-Suit is invalid for failure to satisfy one or more of the conditions for patentability set forth in Title 35 of the United States Code, including but not limited to Sections 101, 102, 103, 112, 115, and/or 116.

### Third Affirmative Defense – Prosecution History Estoppel/Disclaimer

Plaintiff's infringement claims are barred, in whole or in part, as a result of prosecution history estoppel, prosecution disclaimer, and/or due to statements or amendments made during prosecution of the Patents-In-Suit or during any other proceedings in the U.S. Patent and Trademark Office or in court.

### Fourth Affirmative Defense – Limitation on Damages and Costs

Plaintiff's claim for damages is barred, in whole or in part, by 35 U.S.C. § 286, 287, and/or 288.  Moreover, Defendant has not engaged in any conduct that would entitle Plaintiff to a finding that this is an exceptional case, or to an award of enhanced damages, costs, attorneys' fees, or expenses. To the extent any claim of the Patents-In-Suit are invalid, Plaintiff is barred from recovering costs by 35 U.S.C. § 288. To the extent Plaintiff is entitled to any damages, which it is

not, those damages are limited by 35 U.S.C. §§ 286 and 287.

### Fifth Affirmative Defense – Adequate Remedy at Law

Plaintiff cannot satisfy the requirements applicable to its request for injunctive or equitable relief because, among other things, it has an adequate remedy at law for any alleged infringement of the Patents-In-Suit.

### Sixth Affirmative Defense – Unclean Hands

Plaintiff's claims for relief and prayer for damages are barred in whole or in part, and the Patents-in-Suit are unenforceable on equitable grounds of unclean hands.

### Seventh Affirmative Defense – Failure to State a Claim

Plaintiff's Amended Complaint fails in whole or in part to state a claim for which relief can be granted.

### DEFENDANT'S JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Defendant demands a trial by jury on all issues so triable.

### DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor, and against Plaintiff, as follows:

A.   Granting Defendant judgment in its favor on Plaintiff's claims.

B.   Declaring that Defendant is the prevailing party and awarding Defendant its attorney's fees, costs and expenses from Plaintiff; and

C.   Awarding Defendant such additional and further relief as the Court deems just and

proper.

Dated:  September 19, 2023            Respectfully submitted,

           By: /s/Abelino "Abel" Reyna
               Abelino "Abel" Reyna
               Bar # 24000087
               **Patterson & Sheridan LLP**
               729 Washington Avenue, Suite 200
               Waco, Texas 76701
               (Tel): 254-777-5248
               (Fax): 877-777-8071
               (email): areyna@pattersonsheridan.com

               Tony V. Pezzano
               To Be Admitted Pro Hac Vice
               Tony.Pezzano@offitkurman.com

               **Offit Kurman, P.A.**
               590 Madison Ave, 6th Floor
               New York, NY 10022
               (Tel): 212-545-1900
               (Fax): 212-545-1656

               *Attorneys for Defendant OnePlus*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2023, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notifications of such filing to all counsel of record.


*/s/Abelino "Abel" Reyna*
Abelino "Abel" Reyna

4879-7985-7024, v. 1